NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0013n.06

**Case No. 13-3568**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| GABINO ALONZO JACQUEZ-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON  PETITION  FOR  REVIEW |
| v. | ) | FROM  THE  UNITED  STATES |
| | ) | BOARD   OF   IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | O P I N I O N |

FILED
Jan 13, 2014
DEBORAH S. HUNT, Clerk

BEFORE:  COLE, GILMAN, and DONALD, Circuit Judges.

PER CURIAM.  Gabino Jacquez-Perez petitions us to review an administrative decision by the Board of Immigration Appeals (the "Board"), which affirmed an immigration judge's decision that Jacquez-Perez is ineligible for voluntary departure because he was convicted of an aggravated felony.  We deny the petition.

Jacquez-Perez, a citizen of Mexico, entered the United States in 1986 without having been admitted or paroled.  He pleaded guilty in 1989, when he was nineteen years old, to felony theft for driving a stolen car, for which he received a three-year suspended sentence.  Over twenty-one years later, Immigration and Customs Enforcement ("ICE") sought to remove Jacquez-Perez from this country.  The agency claimed Jacquez-Perez should be removed under 8 U.S.C. § 1182(a)(6)(A)(i), which prohibits an alien from being admitted to the United States if

he enters illegally, and 8 U.S.C. § 1182(a)(2)(A)(i)(I), which prohibits an alien from being admitted if he is convicted of a crime involving moral turpitude. Jacquez-Perez agreed he was removable under the first charge, and the immigration judge later sustained the second charge.

Jacquez-Perez sought relief from removal under 8 U.S.C. § 1229c, which allows an eligible alien to leave the country voluntarily rather than be subject to removal proceedings. An alien is ineligible for such voluntary departure, however, if he has been convicted of an "aggravated felony." 8 U.S.C. § 1229c(a)(1), (b)(1)(C) (referencing 8 U.S.C. § 1227(a)(2)(A)(iii)). At the time Jacquez-Perez was convicted, a theft offense resulting in at least a *five-year* term of imprisonment was an "aggravated felony." In 1996, however, Congress expanded the definition of "aggravated felony" to include theft offenses resulting in at least a *one-year* term of imprisonment. Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, § 321(a)(3), 110 Stat. 3009-627 (1996). The immigration judge found that Jacquez-Perez was ineligible for voluntary departure because his three-year suspended sentence was an aggravated felony under the statute as revised, and it ordered his removal to Mexico. Jacquez-Perez reserved right to appeal the aggravated-felony determination, and he did so. The Board affirmed, and Jacquez-Perez now petitions this court.

The government contends that we lack jurisdiction to review the removal order because Jacquez-Perez did not present the issue he argues before us to the Board, thereby failing to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies . . . ."); *Bi Xia Qu v. Holder*, 618 F.3d 602, 609 (6th Cir. 2010) ("For an immigrant to exhaust her administrative remedies, she must properly present her claim to the BIA."). Though a close call, we find that we have jurisdiction. In his petition to this court, Jacquez-Perez argues that he is eligible for

voluntary departure because his theft conviction resulted in a three-year suspended sentence, which was not considered an aggravated felony at the time of conviction. On appeal to the Board, Jacquez-Perez noted that he "was given a suspended sentence of 3 years," arguing that "this should be not considered an aggravated felony." Charitably interpreting these statements, we find that Jacquez-Perez presented his argument to the Board and thus exhausted the administrative remedies available to him.

Nevertheless, Jacquez-Perez's petition must fail. In expanding the definition of "aggravated felony," Congress explicitly stated that the expanded definition "applies regardless of whether the conviction was entered before . . . the date of enactment [September 30, 1996]," IIRIRA § 321(b) (codified at 8 U.S.C. § 1101(a)(43)), and that the new definition "shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred," *id.* § 321(c). *See also I.N.S. v. St. Cyr*, 533 U.S. 289, 318–19 & n.43 (2001) (using these sections as an example of Congress's unambiguous intent to apply the expanded definition retroactively); *Tran v. Gonzales*, 447 F.3d 937, 941 (6th Cir. 2006) (holding that the expanded definition of "aggravated felony" applies retroactively in "actions taken" on or after September 30, 1996). Here, the relevant "action taken" is ICE serving Jacquez-Perez with the Notice to Appear. *See Saqr v. Holder*, 580 F.3d 414, 422 (6th Cir. 2009). That action occurred years after 1996, so the expanded definition of aggravated felony must apply. Furthermore, we find no constitutional violation in such retroactivity. *See, e.g.*, *Hamama v. I.N.S.*, 78 F.3d 233, 235 (6th Cir. 1996) ("The Supreme Court has repeatedly upheld the constitutionality of deportation proceedings that apply new law to past criminal conduct.") (citing *Lehmann v. United States*, 353 U.S. 685, 690 (1957); *Marcello v. Bonds*, 349 U.S. 302, 314 (1955)).

Accordingly, we deny Jacquez-Perez's petition to review the order of the Board of

Immigration Appeals.